G. Lynn Shumway (011714)
shumway@carsafetylaw.com
**SHUMWAY LAW PLLC**
4647 N. 32nd Street, Suite 230
Phoenix, Arizona  85018
Telephone : 602.795.3720
Facsimile  : 602.795.3728

Brent Ghelfi (011491)
BrentGhelfi@GhelfiLawGroup.com
**GHELFI LAW GROUP, PLLC**
4647 N. 32nd Street, Suite 230
Phoenix, Arizona  85018
Telephone : 602.318.3935

Richard Dillenburg (013813)
rich@dillenburglaw.com
**DILLENBURG LAW OFFICES**
2173 East Warner Road, Suite 101
Phoenix, Arizona  85284-3503
Telephone : (480) 668-1924
Facsimile  : (480) 831-7438

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Richard Weiland**, individually and behalf of the statutory beneficiaries of **Linda Weiland**, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>**Ford Motor Company**, a Delaware corporation,<br><br>Defendant. | No. _____<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Richard Weiland submits his Complaint against Defendant as follows:

1

**Parties**

**1.** Plaintiff Richard Weiland is an individual, a resident of Maricopa County, Arizona. He is the surviving husband of Linda Weiland. He brings this matter in his individual capacity, and on behalf of the statutory beneficiaries of Linda Weiland.

**2.** Linda Weiland's surviving beneficiaries include her mother and daughter and Richard Weiland.

**3.** Defendant Ford Motor Company ("Ford") is a Delaware corporation.

**4.** Defendant Ford Motor Company is duly licensed and authorized to do business in the State of Arizona. Ford has purposefully directed business activities toward the State of Arizona.

**5.** Defendant Ford Motor Company is a manufacturer and distributor of motor vehicles, including the 2012 Ford Escape, Vehicle Identification No. 1FMCU0D74CKA91724 (the "Vehicle") at issue in this matter.

**6.** Ford placed the Vehicle at issue into the stream of commerce in the ordinary course of business.

**7.** Whenever reference is made in this Complaint to any act of Ford, such allegation shall mean that Ford did the acts alleged in the Complaint through its officers, directors, employees, agent and/or representatives while they were acting within the actual or ostensible scope of their authority.

**Jurisdiction and Venue**

**8.** This Court has jurisdiction of the parties and subject matter. The parties are diverse and the amount in controversy exceeds $75,000 and, as such, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**9.** Venue is proper in this Court.

**Factual Summary**

**A.    The Collision**

**10.** As of June 4, 2017, Richard and Linda Weiland were husband and wife. They had been married for 36 years.

2

**11.** Their primary vehicle was a 2012 Ford Escape, previously identified as the Vehicle.

**12.** On Sunday afternoon, June 4, 2017, at approximately 3:30 p.m., the Weilands were traveling to the Sun Retirement Community in Mesa, Arizona, to visit Mrs. Weiland's mother.

**13.** Richard Weiland was driving the Vehicle. Linda Weiland was in the front passenger seat.

**14.** Both Mr. Weiland and Mrs. Weiland were properly restrained in the Vehicle.

**15.** Traveling westbound on Broadway Road, Richard Weiland signaled to make a left turn onto 80th Street south, entering into the retirement community.

**16.** While Mr. Weiland was slowing to make this proper left turn, a vehicle driven by Mark Honicky crashed into the rear of the Weiland Vehicle (the "Collision").

**17.** The maximum delta-V experienced by the Vehicle during this Collision was 25.53 miles per hour.

**18.** During this collision, the seatbacks of both the driver and passenger collapsed rearward.

**19.** As a result of the collapse of the driver seat's seatback, the seatback and headrest failed to restrain Mr. Weiland in his pre-collision seated position.

**20.** As a result of the collapse of the passenger seat's seatback, the seatback and headrest failed to restrain Mrs. Weiland in her pre-collision seated position.

**21.** As a result of the collapse of the Vehicle's front passenger seat's seatback, Linda Weiland died. She was pronounced dead upon her arrival to the emergency department of Banner Desert Medical Center.

**22.** If the Vehicle's front passenger seat's seatback had not collapsed rearward Linda Weiland would not have suffered any serious injury during the Collision.

**23.** According to the Medic0al Examiner's Report, the "[a]utopsy revealed blunt force injuries of the head, torso, and extremities."

SHUMWAY LAW PLLC
4647 N. 32nd St., Suite 230
Phoenix, Arizona 85018-3345
602.795-3720 ♦ 602.795.3728 Fax

**24.** Richard Weiland also suffered serious injuries during the Collision, including head, shoulder, torso, and leg injuries.

**25.** The injuries suffered by Richard Weiland during the Collision were caused, in whole or in part, by the collapse of Richard Weiland's seatback.

### B. Seatback Failures

**26.** During the subject rear-end Collision, the force of the collision pushed the struck 2012 Ford Escape forward. The occupants of the Vehicle, however, under the laws of physics, tended to remain in their pre-collision state until acted upon by the accelerating structures of their seats and seatbacks.

**27.** The Vehicle's driver and front passenger seatbacks bent rearward or collapsed rearward causing the driver and front passenger to lose the safety benefits of the seat backs.

**28.** Linda Weiland suffered severe and fatal injuries from her interaction with structures behind her collapsing or collapsed seatback during the collision and post collision events.

**29.** Ford 2012 Escape front passenger seat seatback failure, in collisions like the subject Collision, can result in severe or fatal head, neck, rib, thoracic, shoulder, and other injures to front seat passengers of the size of Linda Weiland.

**30.** Ford 2012 Escape driver seat seatback failure, in collisions like the subject Collision, can result in severe or fatal head, neck, rib, thoracic, shoulder, and other injures to drivers of the size of Richard Weiland.

**31.** The danger of weak seat back designs and their risk for serious injuries to both front and rear seat passengers has been known for approximately fifty years.

**32.** Ford has known about the risk of seatback bending or collapse in rear-end collisions for many decades.

**33.** Ford has been a defendant in cases in which claimants asserted that a Ford vehicle's front seat seatbacks excessively deformed or collapsed rearward during a collision, resulting in injuries to either the front seat occupants or rear seated occupants seated behind the front seat drivers and passengers.

4

**34.** Ford has been a defendant in cases in which claimants asserted that a Ford vehicle's front seat seatbacks excessively deformed or collapsed rearward during a collision, resulting in injuries to children seated behind the front seat drivers and passengers.

**35.** Seatback failures are known to result from defective and unreasonably dangerous seat design, poor-quality materials, improper assembly, manufacturing defects or negligent installation.

**36.** Ford will likely allege that Honicky is partially at fault for the statutory beneficiaries' and Plaintiff's injuries. However, under the rule of *Piner v. Superior Court In & For County of Maricopa*, 192 Ariz. 182 (1998), Defendant Ford bears the burden of apportioning any injuries between itself and Honicky. Further, to the extent that the injuries arose primarily due to the defective design of the Vehicle and, as such, the injuries cannot be apportioned, "there is no reason why those whose conduct produced successive but indivisible injuries should be treated differently from those whose independent conduct caused injury in a single accident," *id*. at 189 ¶ 27, and Defendant Ford is responsible for all of the injuries.

## Claims For Relief

### Count 1

### Product Liability – Design Defect

**37.** Plaintiff hereby incorporates by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

**38.** The design of the Vehicle's driver and front passenger seat and seatbacks was defective and unreasonably dangerous.

**39.** The Vehicle's design was defective and unreasonably dangerous because Ford knew, or should have known, in light of the generally recognized and prevailing scientific, technical, and medical knowledge available at the time of the Vehicle's distribution, that a foreseeable use of the Vehicle might be unreasonably dangerous to drivers, front passengers, and individuals seated in the rear seat behind the front seats.

**40.** Although alternative designs have been available for many years, Ford chose not to design its front seats in a manner to avoid such seatback failure in collisions of foreseeable severity.

**41.** The harmful characteristics or consequences of the seat design outweighed any benefits from the design.

**42.** Further, a reasonable consumer would not expect her or his front seat to collapse in a rear-end collision with the severity involved in this collision.

**43.** Ford's seatback design was not state of the art.

**44.** Plaintiff had not modified the seats of the Vehicle.

**45.** Plaintiff did not misuse the Vehicle during the Collision or otherwise.

**46.** As a direct and proximate result of Ford's defective and unreasonably dangerous design of the Vehicle front passenger seat occupant restraint system for rear end collisions, Linda Weiland died. Plaintiff and other statutory beneficiaries sustained grief, anguish, emotional distress, loss of enjoyment of life, loss of consortium, and other injuries and losses both consequential and incidental thereto.

**47.** As a direct and proximate result of Ford's defective and unreasonably dangerous design of the Vehicle driver seat occupant restraint system for rear end collisions, Richard Weiland sustained severe and permanent physical injuries and, as a consequence, economic loss, emotional distress and loss of enjoyment of life.

## Count 2

### Product Liability – Manufacturing Defect

**48.** Plaintiff hereby incorporates by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

**49.** The Vehicle, as manufactured, distributed, and sold by Ford, was unreasonably dangerous due to a defectively designed front seats.

**50.** As a direct and proximate result of Ford's defect in manufacture of the Vehicle front passenger seat occupant restraint system for rear end collisions, Linda Weiland died. Plaintiff and other statutory beneficiaries sustained grief, anguish, emotional distress,

6

loss of enjoyment of life, loss of consortium, and other injuries and losses both consequential and incidental thereto.

**51.** As a direct and proximate result of Ford's defect in the manufacture of the Vehicle driver seat occupant restraint system for rear end collisions, Richard Weiland sustained severe and permanent physical injuries and, as a consequence, economic loss, emotional distress and loss of enjoyment of life.

### Count 3

### Negligence

**52.** Plaintiff hereby incorporates by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

**53.** Ford, as a manufacturer of vehicles for public distribution and sale, had and has a duty of care to make vehicles that are reasonably safe.

**54.** Ford breached this duty of care in the unreasonable design or unreasonable manufacture of the Vehicle.

**55.** As a direct and proximate result of Ford's negligence, Linda Weiland died. Plaintiff and other statutory beneficiaries sustained grief, anguish, emotional distress, loss of enjoyment of life, loss of consortium, and other injuries and losses both consequential and incidental thereto.

**56.** As a direct and proximate result of Ford's negligence, Richard Weiland sustained severe and permanent physical injuries and, as a consequence, economic loss, emotional distress and loss of enjoyment of life.

### Count 4

### Wrongful Death

**57.** Plaintiff hereby incorporates by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

**58.** As a direct and proximate result of the wrongful conduct by Defendant Ford Motor Company as alleged herein, Linda Weiland died. Plaintiff and other statutory

SHUMWAY LAW PLLC
4647 N. 32nd St., Suite 230
Phoenix, Arizona 85018-3345
602.795.3720 ♦ 602.795.3728 Fax

beneficiaries sustained grief, anguish, emotional distress, loss of enjoyment of life, loss of consortium, and other injuries and losses both consequential and incidental thereto.

**59.** Plaintiff, the surviving husband of Linda Weiland, as well as all of Linda Weiland's statutory beneficiaries, have experienced extreme grief, emotional distress and loss of enjoyment of life as a result of Linda Weiland's death. The sudden and violent nature of Linda Weiland's death has further exacerbated Linda Weiland's family's grief and emotional distress.

**60.** Pursuant to A.R.S. §12-611, *et seq.,* the surviving husband of Linda Weiland is entitled to maintain an action for wrongful death against Defendants in this matter for losses and injuries stemming from the loss of his wife Linda Weiland.

## Prayer For Relief

**WHEREFORE**, Plaintiff Richard Weiland prays for damages against Ford Motor Company on behalf of himself individually, and as the representative statutory beneficiary, as follows:

**1.** For special damages, including but not limited to medical fees and expenses, incurred on behalf of Richard Weiland.

**2.** For other general damages, including lost income, pain and suffering, medical expenses, cost of care, loss of enjoyment of life related to Richard Weiland's personal injuries and related to the death of Linda Weiland

**3.** For the loss of love and affection, companionship, care, protection, guidance, as well as the profound grief, sorrow, anguish, stress, shock and mental suffering already experienced and reasonably probable to be experienced in the future.

**4.** For the funeral and burial expenses related to the Weiland family's loss of Linda Weiland.

**5.** For taxable costs and pre- and post-judgment interest to the extent permitted by law.

**6.** For exemplary damages to the extent permitted by law.

**7.** For attorney's fees and expenses to the extent permitted by law.

**8.** For other relief as the Court deems just and proper.

## Jury Demand

Plaintiff respectfully requests a trial by jury on all issues triable to a jury.

DATED this 7th day of February, 2019.

                                            **SHUMWAY LAW PLLC**

                                            /s/ G. Lynn Shumway
                                            G. Lynn Shumway

                                            **GHELFI LAW GROUP**
                                            Brent Ghelfi

                                            **DILLENBURG LAW OFFICES**
                                            Richard Dillenburg

                                            *Attorneys for Plaintiff*

SHUMWAY LAW PLLC
4647 N. 32nd St., Suite 230
Phoenix, Arizona 85018-3345
602.795.3720 ♦ 602.795.3728 Fax